IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Zaatnure Xi-Amaru, | ) | Case No. 8:23-cv-04306-DCC |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Attorney Christine E. Brimm and Michelle L. Vieira, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

This matter is before the Court as an appeal from the United States Bankruptcy Court for the District of South Carolina ("the Bankruptcy Court").[1] ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 31, 2023, the Magistrate Judge issued a Report recommending that Appellant's Notice of Appeal be considered a request for leave to appeal an interlocutory order, that the request be denied, and that this action be dismissed. ECF No. 7. The Magistrate Judge advised Appellant of the procedures and requirements for filing objections to the Report and the

---

[1] As noted by the Magistrate Judge, this is the second appeal taken from the Bankruptcy Action.

serious consequences if he failed to do so.  Appellant filed objections to the Report.[2]  ECF No. 10.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge determined that the Bankruptcy Court's Order from which Appellant appeals is interlocutory and not a final judgment, order, or decree.  Accordingly, he cannot appeal as a matter of right but must seek approval from this Court.  As explained in more detail

---

[2] Also on the docket are an affidavit or correspondence filed in the Bankruptcy case, an appeal filed in the Bankruptcy case, and a designated record by the Bankruptcy Court.  ECF Nos. 12, 13, 15.  To the extent any of these documents could be construed as objections to the Report, the Court has done so.

by the Magistrate Judge, the factors to be considered in evaluating a request to file an interlocutory appeal are whether "(i) the order involves a controlling question of law, (ii) as to which there is substantial ground for difference of opinion, and (iii) immediate appeal would materially advance the termination of the litigation." *Chesapeake Appalachia, LLC v. Suppa*, No. 1:14-cv-159, 2015 WL 12755624, at *3 (N.D.W. Va. Oct. 15, 2015) (internal quotation marks and citation omitted). The Magistrate Judge found that Appellant failed to meet this test. The Magistrate Judge further recommends dismissal of this action because Appellant's allegations are frivolous and meritless.

Appellant filed objections. He devotes a significant portion of his objections to arguments that he is not required to pay taxes because he is a member of the Xi-Amaru Tribal Government. He briefly argues that he has met the three-part test outlined above because his "tax exemption has been denied." ECF No. 10 at 5–6. Upon de novo review, the Court agrees with the Magistrate Judge that the Bankruptcy Court's Order from which Appellant seeks to appeal did not involve any controlling question of law as to which there is a substantial ground for a difference of opinion; further, an immediate appeal of that Order would not materially advance the termination of the Bankruptcy Action. Therefore, the Court finds that Appellant cannot satisfy the requirements for leave to appeal.

In his objections, Appellant also objects to the Magistrate Judge's recommendation that this action is frivolous because it is based, at least in part, on sovereign citizen theory. Appellant contends that he is not a sovereign citizen. Regardless, upon de novo review, the Court agrees with the Magistrate Judge that many of Appellant's allegations are frivolous, even if not rooted in sovereign citizen theory.

Accordingly, upon de novo review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. The Court construes Appellant's Notice of Appeal as a motion for leave to appeal the order of the Bankruptcy Court. Upon consideration, the Court **DENIES** that motion. This action is **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 16, 2023
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.